Good morning. May it please the Court. My name is Jennifer Kuhn on behalf of Appellant Gloria Walker. This is an appeal of a judgment against Ms. Walker on her Title VII claims of racial discrimination and retaliation. Our appeal raises five issues, but I'd like to begin, if I could, with the last issue raised in the briefs relating to retaliation, and that is that the District Court erred in finding that administrative leave is not an adverse employment action. This was a legal conclusion based on largely undisputed facts, namely that Ms. Walker returned to work after receiving a notice of termination, was placed on paid administrative leave, and asked to immediately leave the office. At what point was the decision made to fire her? That decision was made the morning of November 27th. That prior to the administrative leave? Yes, it was. Well, see, then it's not your regular administrative leave. This was really something that was generous on their part. Instead of just running her out the door, they gave her administrative leave. In other words, she could stick around after she'd already been fired. Well, that might have been the case, Your Honor, if it had been a situation where on the day she was fired, she was granted administrative leave in the nature of a severance rather than being fired. Well, what was the purpose of giving her administrative leave? Well, our position, Your Honor, is it was to prevent her from disrupting the office as her supervisor said, with conversations about her discrimination claim. But doesn't it make a difference that the decision had already been made to terminate her? I don't believe so, Your Honor. In fact, it makes it a stronger case on Ms. Walker's behalf due to the fact that the decision had already been made to fire her. Instead of being allowed to continue to work in the office and wind up her affairs, she was asked to immediately leave. She wasn't asked to do anything more. She was given money and said, you have no further obligations. I can't see how this made things worse for her. I mean, there are no affairs to finish up in terms of the office. The officer just said, your work is done. You have no further obligations to us except to take money. And, you know, take money for doing no work. I can't imagine how this could be viewed as an adverse action. Under the Ninth Circuit standard, Your Honor, the issue doesn't turn on whether it had, for example, a tangible economic loss to Ms. Walker. Nothing. She was being fired. I mean, standing alone, the administrative leave is just a – I mean, it's not that this sort of made her likelihood of promotion less. She was leaving. She was – at the end of the administrative leave, she was going to be terminated. So it's not like she's on administrative leave, so she's not there to be able to do work or be able to work with supervisors or to get experience or to get training or anything else. She's being fired. And I can't imagine how telling an employee, for whatever reason, either for the benefit of the employee or the benefit of the employer, you know what, in two weeks you're gone, and what's more, we are going to pay you your salary until then, but you have no further obligations to us. You are out of here, and you owe us no more work. You can earn the money, take the money, but you owe us nothing else. How that could possibly be an adverse action. You're getting lost in the abstraction of administrative leave rather than looking at the facts of what happened. Administrative leave under some circumstances might be an adverse employment action, but not when the decision has already been made to fire her and she's been given the grace to be able to stay on administrative leave for a few days before it becomes effective. The issue, Your Honor, is not whether it was an ultimate employment action, such as one that prevented her promotion, as Judge Kaczynski mentioned, or one that would affect the terms and conditions of her employment. Those tests have specifically been rejected by the court. How is it adverse? Under the Ninth Circuit test, the question is whether it was reasonably likely to deter employees from engaging in protected activity. She had... Oh, well, never mind. How would it do it? I mean, assuming that somebody is terminated, how would the fact that the employer generously gives them a chance to earn a two-week salary or whatever it was without doing any more work, how is that likely to deter anybody? By requiring her to immediately leave the office and prevent her from discussing her You mean she had some sort of right to bad-mouth the employer? I don't understand. Where does that come from? In this case, Your Honor, her supervisor... She could call him at home, right? I mean, she could call her fellow employees at home and say anything she wanted to. Your Honor, in this case, the district court found that the action of placing her on administrative leave was motivated in part by desire to prevent her from, in fact, discussing her discrimination claim with her co-workers. Okay, so what? Under... Our position is under the Ninth Circuit standard, this was an adverse action and that the district court improperly relied on tests from other circuits that have been rejected by this court. But if I can move on... Yeah, maybe you should. The district court also erred in finding no causal link between Ms. Walker's EEO claim and her termination. I would agree that there are factual disputes and credibility issues regarding what her supervisors knew when they gave her notice of termination. And those factual disputes were all resolved by the trial court against your client. That's right, and it is a clearly erroneous standard of review. Do you realize how high the hurdle is? They're clearly erroneous? I understand, Your Honor. I would just like to emphasize that it is undisputed that her supervisors knew of her EEO claim by the time they went forward with her actual termination 10 days later. And under those circumstances, there really can be no dispute that those are causal links. So you're making a differentiation between her termination and her actual termination. But the decision had been made before they knew anything about the EEOC claim. That's correct, Your Honor, but there were... So how could that possibly, how could the decision to terminate possibly have been tainted by something about which they knew nothing? There was a notice of termination and then there were subsequent events such as the decision to place her on administrative leave and to ultimately go forward with her termination. So by the time her termination... There's a difference between terminating her and going forward with the termination in this context? In this case, there was a possibly 10-day difference between giving her the notice and actually going forward with the termination. So with regard to the latter, there really can be no question that there was knowledge of the EEO claim when they made, when they The district court also erred in finding no showing of pretext. The district court's order recognized that many of the proffered reasons for her termination were petty and unsubstantiated or were not in fact the reasons for her termination. In addition, there was evidence that Ms. Walker was the sole African-American claims representative in her Social Security office, that she started work with stellar credentials on successful performance evaluations, but in the space of a few months, she was subject to excessive scrutiny and discipline. You're just asking us to redo the trial. The trial happened. There were credibility findings against your client in favor of the other people. Facts were made. Determination of facts were made. Those findings are subject to review, and I would ask the Court to look closely and with the evidence that so many of the employers' proffered reasons were illegitimate. But the Court found that many were not. They found that several were not. In particular, insubordination, the Court credited as a reason. Was that clearly erroneous? Yes, Your Honor, I believe it is. It can't be. I think the district court erred in divorcing the issue of insubordination from the surrounding context of discrimination, the very difficult environment that Ms. Walker worked with, where she was subject to such excessive scrutiny and discipline. She was a probationary employee, am I right? That's correct, Your Honor. So what do you do with a probationary employee? You work with a probationary employee to try to get them up to speed, and that's what the district court found happened here. That's correct, Your Honor, but I would ask you to review those findings and see that, in fact, Ms. Walker was a victim of discrimination and that this Court should still find.  Thank you. Well, good morning. May it please the Court, Beth Kluke on behalf of the Social Security Administration. How are you? I'm sorry? How are you? Fine, thank you. Is there anything that you heard this morning that wasn't adequately covered in your briefs? No, sir. Okay. Thank you very much. Thank you. The case is argued. The stand is submitted.
judges: Kozinski,trott, Bea